1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PHILLIP TAYLOR,                          Case No.  2:24-cv-0759-JDP (SS)

12                 Plaintiff,

13          v.                                  ORDER

14    LELAND DUDEK, Acting Commissioner
      of Social Security,

15
                     Defendant.
16

17          Plaintiff challenges the final decision of the Commissioner of Social Security

18  ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title

19  XVI of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 12

20  & 14.  For the reasons discussed below, the court grants plaintiff's motion, denies the

21  Commissioner's, and remands for further proceedings.

22                              **Standard of Review**

23          An Administrative Law Judge's ("ALJ") decision denying an application for disability

24  benefits will be upheld if it is supported by substantial evidence in the record and if the correct

25  legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th

26  Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a

27  preponderance; it is such relevant evidence as a reasonable person might accept as adequate to

28  support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

1  "The ALJ is responsible for determining credibility, resolving conflicts in medical

2  testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

3  2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

4  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

5  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court will not affirm on

6  grounds upon which the ALJ did not rely.  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)

7  ("We are constrained to review the reasons the ALJ asserts.").

8      A five-step sequential evaluation process is used in assessing eligibility for Social

9  Security disability benefits.  Under this process the ALJ is required to determine: (1) whether the

10  claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical

11  impairment (or combination of impairments) that qualifies as severe; (3) whether any of the

12  claimant's impairments meet or medically equal the severity of one of the impairments in 20

13  C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and

14  (5) whether the claimant can perform other specified types of work.  *See Barnes v. Berryhill*, 895

15  F.3d 702, 704 n.3 (9th Cir. 2018).  The claimant bears the burden of proof for the first four steps

16  of the inquiry, while the Commissioner bears the burden at the final step.  *Bustamante v.*

17  *Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

18                                   **Background**

19      Plaintiff filed an application for SSI, alleging disability beginning April 12, 1990.

20  Administrative Record ("AR") 157-66.  After his application was denied initially and upon

21  reconsideration, plaintiff appeared and testified at a hearing before an Administrative Law Judge

22  ("ALJ").  AR 31-37, 89-97, 97-103.  On April 26, 2023, the ALJ issued a decision finding

23  plaintiff not disabled.  AR 17-27.  Specifically, the ALJ found that:

> 1. The claimant has not engaged in substantial gainful activity since February 4, 2021, the application date.
>
> 2. The claimant has the following severe impairments: anxiety, depression and obesity.
>
>    * * *

28

2

3.  The claimant does not have an impairment or combination of
    impairments that meets or medically equals the severity of one of
    the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    * * *

4.  After careful consideration of the entire record, the undersigned
    finds that the claimant has the residual functional capacity to
    perform a full range of work at all exertional levels but with the
    following nonexertional limitations: can perform simple work
    (work that can be shown by simple demonstration and learned
    within 30 days); have occasional contact with coworkers and
    supervisors, but cannot perform tandem tasks (defined as side-by-
    side joint duties).

    * * *

5.  The claimant has no past relevant work.

6.  The claimant was born [in] 1990 and was 30 years old, which is
    defined as a younger individual age 18-49, on the date the
    application was filed.

7.  The claimant has at least a high school education.

8.  Transferability of job skills is not an issue because the claimant
    does not have past relevant work.

9.  Considering the claimant's age, education, work experience, and
    residual functional capacity, there are jobs that exist in significant
    numbers in the national economy that the claimant can perform.

    * * *

10. The claimant has not been under a disability, as defined in the
    Social Security Act, since February 4, 2021, the date this
    application was filed.

AR 19-26 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. He

now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff raises two arguments.  First, he alleges that the ALJ erred in discounting his subjective symptom testimony.  ECF No. 12 at 4-13.  Second, he claims that the ALJ erred in partially rejecting the medical opinion of consultative examiner Casey Brodhead.  *Id.* at 13-16.  The first argument is persuasive; I find it unnecessary to consider the second.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).  If the claimant meets this requirement, the ALJ can reject his symptom testimony only by offering specific, clear, and convincing reasons for doing so.  *Id.*  "This is not an easy requirement to meet: the clear and convincing standard is the most demanding required in Social Security cases."  *Id.*  The ALJ's reasons must also be supported by substantial evidence in the record.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

At his hearing, plaintiff, who suffers from anxiety and depression, testified that he had issues with his attention span and train of thought, sometimes walking into a room and forgetting why he was there.  AR 39.  He also testified that he had no experience connecting or interacting with other people.  AR 39-40.  The ALJ discounted his testimony, reasoning that the record did not contain any evidence of psychiatric hospitalization, emergency or urgent care visits for his psychiatric issues, or worsening psychiatric symptoms during the adjudicatory period.  AR 23.  Other courts have reasonably found that the lack of hospitalization is not a reason to discount a claimant's subjective testimony.  *See Delgiudice v. Barnhart*, No. EDCV 4-1528-MAN, 2006 U.S. Dist. LEXIS 74710, *17 (C.D. Cal. Sept. 29, 2006) ("[N]othing in the record supports the ALJ's conclusion that, because Plaintiff was not repeatedly hospitalized for mental illness, her claimed mental limitations should be disregarded."); *Miriam L.C. v. Kijakazi*, NO. EDCV 21-837-KS, 2023 U.S. Dist. LEXIS 21690, *14 (C.D. Cal. Feb. 7, 2023) ("It is unclear how a purported lack of emergency hospitalization, in light of Plaintiff's treatment and mental health

4

1    history, negates the severity of Plaintiff's alleged symptoms.").  Neither was the ALJ's assertion

2    that plaintiff's claims had not worsened during the relevant period a reason to discount his

3    testimony.  Notably, the ALJ failed to explain how the lack of deterioration contradicted any part

4    of plaintiff's subjective testimony.  An ALJ may discount a claimant's subjective testimony based

5    on its contradiction with the medical record, but her reasoning must be "clear enough that it has

6    the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).  Here, the ALJ

7    failed to explain her reasoning, and the ALJ's unexplained conclusion lacks the power to

8    convince.

9            The ALJ also discounted plaintiff's testimony because he had consistently denied suicidal

10    or homicidal thoughts.  AR 23.  Once again, however, the ALJ failed to connect the denial of

11    such thoughts to the decision to discount plaintiff's testimony about issues with train of thought

12    and interacting with people.  It may follow that someone with such thoughts would have

13    difficulty interacting with others, but it is not axiomatic that an individual without those thoughts

14    would have no or minimal difficulty doing so.  Further, the ALJ's contention that plaintiff's

15    treatment was conservative is unaccompanied by any specific citation to the medical record.  *Id.*

16    And that record is replete with evidence that his mental status examinations have not been, as the

17    ALJ states, "normal."  *See, e.g.*, AR 287 (noting that plaintiff's appearance was "disheveled" and

18    that his mood was "angry"); 318 (finding that plaintiff's social impairment was "pronounced" and

19    that he had an "odd, detached, flat interpersonal presence").  Indeed, the medical opinion that the

20    ALJ found persuasive noted that plaintiff had a "severe mental impairment with social anxiety,

21    isolation at home, depression, and autism features . . . ."  AR 73.  Even assuming that plaintiff's

22    subjective statements were not fully supported by objective medical evidence, this alone does not

23    support an adverse credibility finding.  *See Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004)

24    ("[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of objective

25    medical evidence to fully corroborate the alleged severity of pain."); *Bunnell v. Sullivan*, 947 F.2d

26    341, 346-47 (9th Cir. 1991) (The ALJ "may not discredit a claimant's testimony of pain and deny

27    disability benefits solely because the degree of pain alleged by the claimant is not supported by

28    objective medical evidence.").

Finally, the ALJ's reliance on plaintiff's daily activities, such as "independently caring for himself," driving, shopping, and preparing meals is also not sufficient a reason to discount his testimony.  AR 23.  First, the ALJ failed to connect these basic activities to his ability to work.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("The ALJ must make specific findings relating to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination.") (quotation marks omitted) (alteration in original).  Second, the Ninth Circuit has cautioned that an ability to carry on basic activities of life, like the ones described here, does not automatically detract from a plaintiff's credibility.  *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.").  Accordingly, the ALJ erred in discounting plaintiff's testimony based on these basic activities.

Based on the foregoing, the court finds that the ALJ erred by rejecting plaintiff's testimony absent clear and convincing reasons.  Accordingly, the matter must be remanded for further proceedings.  *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler v. Comm'r of Social Sec.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's motion for summary judgment, ECF No. 12, is GRANTED.

2.  The Commissioner's cross-motion for summary judgment, ECF No. 14, is DENIED.

3.  The matter is remanded for further proceedings consistent with this order.

4.  The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated:    March 21, 2025    

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE